

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-6303
Re: Sufficiency of judgment of
County Court to authorize the
State Treasurer to pay out funds
available in the Estate Fund in
the Treasurer's hands.

Your request for an opinion upon the above subject matter is as follows:

"We are attaching hereto Order No. 8539 of the County Court of El Paso, Texas, signed by M. Scarbrough, Judge of Probate Court of El Paso County, Texas, authorizing the payment of $3,854.95 deposited with Charlie Lockhart as State Treasurer, for the estate of Asher Cooper, deceased, December 29, 1932, to Loomis and Kirkland, Attorneys, El Paso, Texas.

"Provided these funds are now available for payment, is it your opinion that the enclosed Court Order constitutes sufficient authority to justify payment as ordered?

"If payment is so made is the State Treasurer relieved of responsibility to the heirs named in the order or any others that might appear in the future?"

The following Articles of the Revised Civil Statutes are pertinent:

"Article 3652. When funds of an estate have been paid to the State Treasurer, any heir, devisee or legatee of such estate, or their assignees, or any of them, may recover the portion of such funds to which he or they would have been entitled."

"Article 3653. The person claiming such funds shall institute his suit therefor, by petition filed in the county court of the county in which the estate was administered, against the State Treasurer, setting forth the petitioner's right to such funds, and the amount claimed by him."

"Article 3654. Upon the filing of such petition, the Clerk shall issue a citation for the County Attorney of the county or the District Attorney of the district to appear and represent the interest of the State in such suit, and it shall be the duty of such County or District Attorney to do so."

"Article 3655. The proceedings in such suit shall be governed by the rules for other civil suits; and should the plaintiff establish his right to the funds claimed, he shall have a judgment therefor, which shall specify the amount to which he is entitled; and a certified copy of such judgment shall be sufficient authority for the Treasurer to pay the same."

With respect to the validity of such judgment, involving as it does, a suit in the County Court to recover the sum of $3,854.95, we beg to advise that the statute authorizing the County Court to exercise jurisdiction has been upheld by the Supreme Court since an early day.

In Dodson v. Wortham, State Treasurer, 45 S. W. 856, Justice Fly, writing the opinion for the Court of Civil Appeals, said:

"* * *. In article 2211 (which is found under title 39), relating to estates of decedents, it is provided that when the funds belonging to an estate have not been claimed by heirs, and have been paid to the state treasurer by order of the county judge, that any heir, devisee, or legatee of the decedent 'claiming such funds, or any portion thereof, shall institute his suit therefor, by petition filed in the county court of the county in which the estate was administered, against the treasurer of the state, setting forth the petitioner's right to such funds, and the amount claimed by him.' It is

evidently contemplated by this statute that the
suit in question can be brought in the county
c urt regardless of the amount, and the statute
is constitutional, in case the amount should be
less than $200 or more than $1,000, only on the
ground that the county court has obtained juris-
diction of the estate by the administration, and
that the suit is a matter pertaining to such ad-
ministration. In this case the suit is for
$1,781.24, a matter in excess of the jurisdic-
tion of the county court except on the ground
mentioned, that it is a matter pertaining to an
estate. We have found no case in this state di-
rectly in point, but in the case of Treasurer
v. Wygall, 46 Tex. 447, suit was instituted in
the county court for funds belonging to an es-
tate, amounting to over $250,000, and, although
the matter of jurisdiction was not discussed, we
must presume it would have been noticed had there
been in the minds of the court any question as to
jurisdiction. When the same case was again be-
fore the supreme court (51 Tex. 621), it was held
that a judgment in favor of other heirs was res
adjudicata as to Wygall, the reason given being
that a proceeding like the one we are considering
is one in rem, in which the parties claiming the
estate should have intervened; that is to say, it
was a continuation of the administration of an es-
tate of which the county court had jurisdiction.
* * *."

You are therefore respectfully advised that the County
Court of El Paso County had jurisdiction to render the judgment
in favor of the plaintiffs, and it remains only to be seen
whether or not the order found in such judgment directing the
defendant, State Treasurer, to pay said judgment to Loomis & Kirk-
land, attorneys of record for plaintiffs, is sufficient to author-
ize you to make payment directly to such attorneys.

We have carefully examined the authorities with respect
to this question. There is much uncertainty in the law as to this
point. Of course, such attorney may be clothed with such power in
the contract of employment, or he may otherwise have such power
conferred upon him. We have nothing to show that such actual author-
ity has been conferred upon attorneys for plaintiffs in this in-
stance.

Honorable Jesse James - page 4


We note the order of the judge is "that the amount hereinafter awarded and set forth, be paid to Loomis & Kirkland, attorneys of record for plaintiffs, who are authorized to sign receipts therefor on receipt of same from the defendant."

It is our opinion, however, this language adds nothing to the legal effect of the general judgment for the plaintiffs. Such matter was not an issue for the court to determine, and the order itself as such has no binding force. Orders made beyond the issues before the court are not for adjudication. The plaintiffs and their attorneys were, of course, not adversary parties.

Furthermore, it appears the application upon which the judgment here under consideration was rendered was filed originally on December 8, 1937, and the judgment rendered bears date August 25, 1944. There are ten different plaintiffs named. Whether or not these plaintiffs are still living is not shown. Whether or not they or any of them have heretofore assigned such judgment is not shown. The lapse of time even since November 5, 1940, at which time the court recites that depositions were read and oral testimony heard has been unusual.

In view of all the facts surrounding this situation, it is our opinion, and we so advise, that you should not pay the judgment to the attorneys for the plaintiffs. Their authority to make such collection may in fact exist, but the matter is not made to appear with sufficient clarity as to authorize you to make payment.

We suggest that you make payment of the judgment by regular treasurer's warrants made payable to the respective plaintiffs in the amounts, respectively, due them, and transmit these warrants to the Clerk of the County Court of El Paso County at El Paso, endorsing upon each such warrant the judgment in payment for which it is issued.

Very truly yours

APPROVED DEC 12, 1944
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

/s/Ocie Speer
Assistant

OS-MR-lw

APPROVED OPINION COMMITTEE BY /S/ G. W. B., CHAIRMAN